UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-cv-22203-JB

DANIEL WALKER OSORIO,

      Petitioner,

v.

WARDEN, KROME SERVICE
PROCESSING CENTER, *et al.*

      Defendants.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Daniel Walker Osorio's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondent filed a Response in Opposition to the Petition, ECF No. [6]. No reply has been filed and the time to do so has passed. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **DENIED**.

## I.   BACKGROUND

Petitioner is a Cuban citizen, currently detained at the Krome Processing Center in Miami, Florida, who has been in the custody of the United States Immigration and Customs Enforcement ("ICE") since December 30, 2025. ECF No. [1] at 1, 5; ECF No. [6] at 2, 4.

On March 31, 2026, Petitioner filed the instant Petition. ECF No. [1]. Petitioner challenges the constitutionality of his continued detention pursuant to

1

*Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). *Id.* at 6–7. Petitioner seeks immediate release from custody with or without bond. *Id.* at 7.

Respondents filed their Response to the Petition. ECF No. [6]. Respondents argue that the Petition should be denied because "(1) Petitioner's detention post final order of removal is lawful pursuant to 8 U.S.C. § 1231; and (2) any claim under *Zadvydas* is premature as the length of Petitioner's detention does not exceed the presumptively reasonable detention period of six months." *Id.* at 2.

## II.   ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3).

The Court has jurisdiction over a Petitioner's habeas claim that the length of his detention violates due process. *See Zadvydas,* 533 U.S. at 688 ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). Petitioner is subject to a final removal order, ECF No. [6-7], and, thus, his detention is governed by Title 8 U.S.C. § 1231. Section 1231(a)(1) requires the Government to effectuate an alien's removal within a ninety-day "removal period." 8 U.S.C. § 1231(a)(1). During this removal period, the Government must detain the alien. 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."). The government may detain an alien beyond the ninety-day removal period only for a length of time "reasonably

necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689.

In *Zadvydas*, the Supreme Court considered the petitions of two resident aliens who challenged the constitutionality of their detentions pursuant to 8 U.S.C. § 1231(a)(6), which permits the Government to detain an alien subject to a final order of removal beyond the 90-day statutory removal period set forth in § 1231(a)(1). *Id.* at 682. Although no country was willing to accept either alien once they were ordered removed, the Government continued to detain them after the expiration of § 1231(a)(1)'s 90-day removal period. *Id.* at 684-86. The Supreme Court held that a detainee may file a petition for writ of habeas corpus to challenge the reasonableness of their continued detention when the Government is unable to effectuate removal within the 90-day removal period. *Id.* at 687.

The Supreme Court further held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute" because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 690, 699. In so ruling, the Supreme Court explained that it is presumptively reasonable for the Government to detain an individual for a period of six months while it effectuates that individual's removal. *Id.* at 701. That said, after this six-month period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus, "conditioned on any of the various forms of supervised release that are appropriate in the circumstances . . . ." *Id.* at 699–700.

3

Accordingly, to state a valid claim under *Zadvydas*, a petitioner must show (1) "post removal order detention in excess of six months," and (2) "a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thereafter, the burden shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Id.* (quoting *Zadvydas*, 533 U.S. at 701 ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.").

Here, the first prong is not met given that Petitioner had been in custody for less than six months when he filed the Petition. *See* ECF No. [1]; *Akinwale*, 287 F.3d at 1052 ("This six-month period thus must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under *Zadvydas*."). As of the filing of his Petition, Petitioner had been in custody for 3 months and 1 day. *See* ECF No. [1] at 4; ECF No. [6] at 4. Thus, the first prong of the *Zadvydas* analysis is not met. Further, even if Petitioner was able to satisfy the first prong, Petitioner's claim still fails because Respondents have shown that his removal is likely in the reasonably foreseeable future. *See* ECF No. [6] at 4 (stating that, "[o]n March 5, 2026, Petitioner was served with a Notice of Removal to Mexico"); ECF No. [6]-[17]. Accordingly, his detention does not violate due process.

## III.     CONCLUSION

For the foregoing reasons, it is hereby **ORDERED   AND   ADJUDGED**   that Petitioner the Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **DENIED WIHTOUT PREJUDICE**.  The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 11th day of June, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**